**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT J. BARDO, | No. 11-16031 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-02558-MMM |
| v. | |
| K. CLENDENIN; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
M. Margaret McKeown, Circuit Judge, Presiding[**]

Submitted July 17, 2012[***]

Before:     SCHROEDER, THOMAS, AND SILVERMAN, Circuit Judges

Robert J. Bardo, a California state prisoner, appeals pro se from the district

court's dismissal of his 42 U.S.C. § 1983 action alleging that prison officials

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable M. Margaret McKeown, United States Circuit Judge for the Ninth Circuit, sitting by designation.

[***]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

violated his First Amendment rights by removing an ad containing nudity from his mail. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Wong v. United States*, 373 F.3d 952, 966 n.18 (9th Cir. 2004), and we affirm.

The district court properly held that defendant prison officials were entitled to qualified immunity because Bardo did not have a clearly established First Amendment right to retain the ad depicting side-view nudity. *See Hope v. Pelzer*, 536 U.S. 730, 739 (2002) ("For a constitutional right to be clearly established, its contours must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." (citation and internal quotation marks omitted)); *see also Mauro v. Arpaio*, 188 F.3d 1054, 1063 (9th Cir. 1999) (en banc) (prohibitions on inmates possessing sexually explicit materials are reasonably related to penological interests).

The district court also properly dismissed the due process claims against defendants Floto and Garcia because prisoners have no constitutional right to a specific prison grievance procedure. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

We do not consider Bardo's arguments concerning the California prison regulation in question that were not raised before the district court. *See Whittaker*

*Corp. v. Execuair Corp.*, 953 F.2d 510, 515 (9th Cir. 1992) ("As a general rule, an appellate court will not hear an issue raised for the first time on appeal.").

**AFFIRMED.**